KRISTA M. CABRERA, CA Bar No. 190595
   kcabrera@foley.com
MIKLE S. JEW, CA Bar No. 316372
   mjew@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant  U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BETTY GREEN, an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, a National Banking Association; and DOES 1-50, inclusive,<br><br>       Defendants. | Case No. 2:20-cv-06442<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>FILED CONCURRENTLY WITH:<br><br> i. DECLARATION OF KRISTA M. CABRERA;<br> ii. DECLARATION OF JEAN GLEASON;<br> iii. CERTIFICATION AND NOTICE OF INTERESTED PARTIES;<br> iv. CIVIL COVER SHEET; AND<br> v. PROOF OF SERVICE |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
2  CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION:**

3   **PLEASE TAKE NOTICE** that Defendant U.S. Bank National Association
4  (hereinafter referred to as "U.S. Bank" or "Defendant") pursuant to 28 U.S.C. sections
5  1332, 1441 and 1446, hereby invokes this Court's jurisdiction and removes the above-
6  captioned case, pending in Los Angeles County Superior Court, Case No.20STCV20904,
7  to the United States District Court for the Central District of California - Western Division
8  on the following grounds:

9   1. On or around June 3, 2020, Plaintiff Betty Green ("Plaintiff") commenced this
10  action by filing a Complaint in the Superior Court of California, County of Los Angeles,
11  entitled "BETTY GREEN, an individual, v. U.S. BANK NATIONAL ASSOCIATION, a
12  National Banking Association; and DOES 1-50, inclusive," Case No. 20STCV20904 (the
13  "Complaint"). Defendant received service of the Complaint on or around June 18, 2020.
14  (Declaration of Krista M. Cabrera ("Cabrera Decl."), ¶ 2.) A true and correct copy of
15  Plaintiff's Complaint is attached to the Cabrera Decl. as **Exhibit A**.

16   2. The Complaint alleges the following four causes of action against Defendant:
17  (1) discrimination in violation of FEHA; (2) failure to prevent in violation of FEHA; (3)
18  wrongful termination in violation of FEHA; and (4) wrongful termination in violation of
19  public policy. (Cabrera Decl., Ex. A.)

20   3. This action may be removed to this Court pursuant to 28 U.S.C. section 1441
21  because it is a civil action between citizens and different states and the matter in
22  controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

23   4. A true and correct copy of the docket in the Superior Court of California,
24  County of Los Angeles Court is attached to the Cabrera Decl. as **Exhibit B**.

25  **I.** **THIS ACTION IS ALSO SUBJECT TO REMOVAL ON THE BASIS OF
26   DIVERSITY JURISDICTION**

27   **A.** **Complete Diversity Exists**

28   5. At the time of the filing of the action and at the time of filing this Notice of

1  Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff alleges that
2  she "[a]t all time mentioned herein, [Plaintiff] was a resident of the State of California."
3  (*See* Cabrera Decl., Ex. A, Complaint at ¶ 1.)  Plaintiff's residence in California is prima
4  facie evidence that she is domiciled in California for purposes of diversity. *State Farm v.*
5  *Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

6        6. U.S. Bank was, at the time this action was filed in state court, and still is, a
7  national bank formed pursuant to the National Bank Act.  See 12 U.S.C. §§ 22, 24 (2011);
8  Declaration of Jean Gleason ("Gleason Decl."), ¶ 2.  For purposes of diversity jurisdiction,
9  national banking associations such as U.S. Bank are "deemed citizens of the States in which
10 they are respectively located." 28 U.S.C. § 1348.  The word "located" in that statute refers
11 to the state designated in the national association's articles of association as the locus of its
12 main office. See *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941, 956 (2006).
13 For U.S. Bank, that state is Ohio.  (Gleason Decl. at ¶ 2.)

14       7. The Complaint also names Defendant Does 1 through 50.  Pursuant to 28
15 U.S.C. section 1441(a), the citizenship of these defendants is disregarded.  Thus, all
16 remaining defendants have consented to removal to this Court.

17     **B.**    <u>**The Amount in Controversy Requirement Is Satisfied**</u>

18       8. From the face of the Complaint, the amount in controversy in this action
19 exceeds $75,000.00, exclusive of interests and costs.  Among other claims, Plaintiff alleges
20 U.S. Bank harassed, discriminated, and retaliated against her, and failed to prevent
21 discrimination and harassment against her in the workplace.  Plaintiff seeks general,
22 special, and punitive damages, attorneys' fees and costs of suit, and prejudgment and post-
23 judgment interest according to law.  Specifically:

24       a. Plaintiff alleges that as a result of U.S. Bank's conduct, she "suffered
25 actual, consequential and incidental financial losses, including without limitation, loss of
26 salary and benefits . . . in an amount subject to proof at the time of trial." (*See* Cabrera
27 Decl., Ex. A, Complaint at ¶¶ 18, 26, 34, 41.)  At the time of Plaintiff's termination,
28 Plaintiff was earning a base annual salary of $92,932.32 and the value of her bonus and

1  benefits was $3,054.11 per year.  (Gleason Decl., ¶ 4; Cabrera Decl., ¶ 6.)  Plaintiff's
2  employment was terminated on November 15, 2019.   (*See* Cabrera Decl., Ex. A,
3  Complaint at ¶ 11; Gleason Decl., ¶ 3.)  Accordingly, her claim for lost wages alone, as of
4  the date of removal, exclusive of any interest, amounts to approximately $63,990.96.
5  (Cabrera Decl., ¶ 6.)  Assuming a trial date of one year from the date of removal, an
6  estimate of Plaintiff's claim for lost wages alone, from the date of her alleged termination
7  through the time of trial, exclusive of any interest, amounts to approximately $159,977.40.
8  (*Id.*)  Additionally, a reasonable estimate of Plaintiff's claim for economic damages for
9  two years of lost future wages at the time of trial, exclusive of any interest, amounts to
10 approximately $191,972.88. (*Id.*)  Accordingly, Plaintiff's claim for economic damages in
11 the form of lost and future wages alone at the time of trial, exclusive of interest, totals
12 approximately $415,941.24.  (*Id.*)

       b.    Plaintiff also alleges that, as a result of U.S. Bank's conduct, she "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms." (*See* Cabrera Decl., Ex. A, Complaint at ¶¶ 19, 27, 35, 42.)  While the exact amount of Plaintiff's alleged emotional distress damages are not currently known, based on Plaintiff's allegations, such alleged damages are far more than nominal in character.

       c.    Plaintiff also seeks punitive damages.  (See Cabrera Decl., Ex. A, Complaint at ¶¶ 20, 28, 36, 43.)  California courts have indicated that punitive damages may, conservatively, be two to three times the amount of compensatory damages.  See e.g. *Bankhead v. ArvinMeritor, Inc.*, 205 Cal. App. 4th 68 (2012) (approving $4.5 million in punitive damages following a $1.85 award for compensatory damages); *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999 (2012) (approving $2.4 million in punitive damages following a jury award of $804,000 in compensatory damages).

       d.    Finally, Plaintiff is seeking to recover attorney's fees in this matter, which are includable in the amount in controversy. (*See* Cabrera Decl., Ex. A at ¶¶ 21, 29,

37, and Prayer For Relief); *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); see also *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that applying 12.5% of the total amount in controversy is a conservative estimate for attorneys' fees). The total amount in controversy, as set forth in the paragraphs above, exceeds $415,941.24. (Cabrera Decl., ¶ 6.) Accordingly, a reasonable estimate of Plaintiff's attorneys' fees is at a minimum $51,992.65 ($415,941.24 x 0.125). (*Id*. at ¶ 7.)

e. Based on such broad allegations and demands for damages, it is reasonable to estimate that the amount in controversy far exceeds $75,000.00.

## II. THIS NOTICE OF REMOVAL IS TIMELY

9. This Notice of Removal is timely under 28 U.S.C. section 1446(b) because Plaintiff served U.S. Bank with the Complaint on June 18, 2020. This removal is being filed within 30 days of service of the Complaint.

## III. THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

10. Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

11. U.S. Bank believes that the documents contained in Exhibit A to the Cabrera Decl. comprise the complete record of filings made in the Los Angeles County Superior Court.

12. Because Plaintiff and U.S. Bank are citizens of different states and the amount is controversy is greater than $75,000.00, this Court has original jurisdiction over all causes of action alleged in this matter pursuant to the provisions of 28 U.S.C. section 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441.

13. Pursuant to 28 U.S.C. section 1446(d), U.S. Bank is filing written notice of this removal with the clerk of the Superior Court for the State of California, County of Los Angeles. Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. section 1446(d).

14. Wherefore, U.S. Bank prays that this action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, and for such further relief as may be just and proper.

15. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATED: July 20, 2020

**FOLEY & LARDNER LLP**
Krista M. Cabrera
Mikle S. Jew

*/s/ Krista M. Cabrera*
Krista M. Cabrera
Attorneys for Defendant U.S. BANK NATIONAL ASSOCIATION